UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 12-0004 DOC (RNBx)                                              Date: May 10, 2012

Title: SAFETYWEB, INC v. INTERCEDE LTD.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

| NONE PRESENT | NONE PRESENT |
|---|---|

PROCEEDING (IN CHAMBERS): ORDER TO SHOW CAUSE WHY THE PARTIES SHOULD NOT BE REALIGNED

Before the Court is a Motion to Dismiss the Fifth and Sixth Claims of SafetyWeb, Inc.'s ("SafetyWeb") First Amended Complaint filed by Defendant Intercede Ltd.("Intercede") (Docket 21) ("Motion to Dismiss"). Upon the Court's initial examination of the First Amended Complaint ("FAC") and Motion to Dismiss, it immediately became clear that the present structure of this case is somewhat unusual and far from ideal. SafetyWeb, the present plaintiff, asserts six claims: four claims for declaratory relief – non-infringement, non-dilution, non-cybersquatting, and unenforceability – and two claims under 15 U.S.C. § 1119 ("Section 1119") – rectification and cancellation. Intercede, the present defendant, asserts counterclaims for trademark infringement, false designation of origin, unfair competition, and contributory and vicarious liability. Quite simply, the parties are switched. It appears that SafetyWeb only added its final two claims for rectification and cancellation to its FAC so that they could operate as counterclaims to Intercede's counterclaims. This litigation does not need to be so complex. Intercede was somewhat understandably perplexed by the inclusion of Section 1119 claims in a complaint, as Section 1119 claims are typically expressed by a trademark infringement defendant as counterclaims. *See Empresa Cubana del Tabaco v. Culbro Corp.,* 541 F.3d 476, 478-79 (2d Cir. 2008); *Nasalok Coating Corp. v. Nylok Corp.,* 522 F.3d 1320, 1325 (Fed. Cir. 2008). If the present structure has caused both the parties and the Court some confusion at this early stage, there is no telling what effect it would have on a jury.

The Court is thus considering *sua sponte* ordering realignment of the parties. *Plumtree*

*Software, Inc. v. Datamize, LLC* is exactly on point. No. C 02-5693 VRW, 2003 WL 25841157 (N.D. Cal. Oct. 6, 2003). There, the court held that it had the authority to realign the parties and chose to exercise that power primarily because the original defendant was the "natural plaintiff" and the original plaintiff was more appropriately the defendant. *Id.* at *2-3. The original plaintiff's declaratory action for noninfringement and invalidity was essentially a defense to the original defendant's counterclaim; the same is true here. *Id.* at *3. It simply makes logical sense for the ease of all future motions, as well as any potential trial, to label the parties consistently with their positions in this litigation. Intercede's claims of trademark infringement and the like are more appropriately classified as those of a plaintiff, while SafetyWeb's requests for declaratory relief and cancellation are typically asserted by the defendant to a trademark infringement action.

The Court will afford the parties the courtesy of responding to the idea of realignment. Any response must be filed by **May 17, 2012.** The failure to respond will be deemed consent to realignment, such that Intercede shall be designated as the plaintiff and SafetyWeb shall be designated as the defendant.

The Clerk shall serve this minute order on all parties to the action.